Judge Underwood

dissenting, delivered his own opinion . as follows'.

I concur in the opinion of the majority of the court that the demurrer to the declaration ought to have been overruled, because I think the second count contains every averment necessary to shew the plaintiff’s right to recover upon the covenant, bull dissent from so much of the opinion as gives a'construction to the contract and its legal effect. As to the validity of the 1st and 3rd counts, I give no opinion, further than fo say I am inclined to think the first good and the third clearly bad. By the agreement between the parties, Shrock was to furnish certain materials and to build the wall of a brick house for North in Lexington. Shrock also “agreed to lay the old brick which said North has in the kitchen and other bark buildings, said North having the. old brick cleaned and made ready for laying.” The covenant in respect to the time when the work was to be completed uses this language, “said Shrock agrees to do all the above work in a good workman like manner, and to have the same completed by the 30th day of October next, provided said North gets the foundation, &c. ready by the 15 day of September next, and no delay for want of timber.; said Shrock is to have the use of a sufficient quantity of sheeting plank for scaffolding.” By a separate endorsement on the contract, Shrock extended the time for laying the foundation, &c. to the 25th of September, and agreed, if North was ready for him by that time that the work should be completed by. the stipulated day, to-wit, 30th of October. I think that the true meaning of the parties as evidenced by the contract was this, North agreed to have the foundation ready, and also to have the old brick in the kitchen and back building ready and cleaned for laying, and likewise to furnish sheeting plank for scaffolding by the 25th of Sept, and if these things were done, then Shrock on bis part, agreed to build the house and complete it by *327 the 30th of October. I look upon the preperatlon to be made by North as a precedent condition to the performance on the part of Shrock, and if North not perform. I think no recovery can be had on the contract. The opinion of my brethren holds Shrock liable, although North never prepared the brick in the kitchen and back buildings. Now it is clear to my mind, that the parties intended that those brick should constitute a part of the walls of the house which Shrock was to put up, and without them he might not be able to complete the work in time.— Shrock may have had brick enough of his own ready made, which in addition to the brick in the kitchen &c. would be sufficient to complete the job. Without the brick in the kitchen he may be compelled to make others or to purchase. He may thus be delayed and rendered unable to comply with his contract in finishing the work by the time stipulated. I cannot.impose such a burden upon him, contrary, as I think, to the plain meaning of his contract. The opinion says that-it is not indispensable that North' should have the foundation ready by the 25th Sept., and adds, that if it was ready on the 2&th and Shrock had reasonable notice thereof, he ought to have proceeded, &c.-I think otherwise. If North might exact performance by having the foundation ready on the’ 28th, might he not insist on it, by having the foundation ready on the 30th of Sept, or even the 15th of October. It seems to me, if he is permitted to depart from the day stipulated, we are at sea without rudder or compass. But the consequence of tolerating such a departure, is, to make Shrock violate bis covenant whether he will or not, for he may be rendered unable thereby to complete the building by the time stipulated. This seems to be provided for in' the opinion, and Shrock is excused because of North’s’ failure to comply with his part of the contract in time. Thus the writing which should govern is rendered inoperative, and we are drawn olF into an inquiry, how long shall Shrock have to finish the buih ding after the.30th of October, if North is not ready for him to begin on the 25th of September? It seems to me the written contract isdeslroyed by such a construction. But the greatest evil is this, Shrock, a' mechanic,- has engaged to do a job of work- by the- *328 30th of October, provided Lis employer does certain things. The employer foils, and insists that he has the right tounake Shrock work for him after the 30th of October, thereby interfering with contracts which Shrock may have made with other persons, promising to be engaged for (hem at that time, and thus producing confusion in all the business and engagements of Shrock, and involving him into violations of his contracts made with others.
Dissent.-
*328 Í do not think the covenant will tolerate this, and therefore, Í have deemed it proper to express my dissent.